**Dennis RITTENHOUSE, Appellant,**

v.

**SABINE VALLEY CENTER FOUNDA-TION, INC., d/b/a Oak Haven Recovery Center, et al., Appellees.**

No. 06–04–00064–CV.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 20, 2005.

Decided Feb. 3, 2005.

Danna K. Mayhall, Danna Kirk Mayhall, PC, Athens, for appellant.

Douglas W. Black, Carvan E. Adkins, Tim G. Sralla, Taylor, Olson, Adkins, Sralla & Elam, LLP, Fort Worth, for Sabine Valley Center Foundation, Inc., d/b/a Oak Haven Recovery Center.

Ken W. Good, Kent, Good & Anderson, PC, Tyler, for Isidore J. Lamothe, Jr., M.D.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Dennis Rittenhouse appeals the dismissal of his medical malpractice suit against Sabine Valley Center Foundation, Inc., d/b/a Oak Haven Recovery Center, Dr. Isidore Joseph Lamothe, Jr., Dr. Shahrokh Safarimary Aki, Millie Brown, Philip Glover, Laura Henderson, W. Robinson, Jim Louvier, Johnny Oliver, Jr., Twilla Simmons, and Claudia Gonzales[1] due to failure to file an expert report pursuant to Article 4590(i). Rittenhouse's attorney withdrew shortly before the expert report was due under the statute. Although Rit-

---

1. The appellees are referred to collectively as "Oak Haven" unless otherwise designated.

tenhouse's prior attorney obtained approximately a thirty-day extension with most of the parties, Rittenhouse did not file a report by the extended deadline.

Rittenhouse alleges in his first point of error the trial court abused its discretion by dismissing his claim when he had timely filed a motion for extension. In his second point of error, Rittenhouse contends the motion to withdraw was defective because it failed to state the date on which the expert report was due; therefore, the trial court violated Rittenhouse's due process rights by granting the motion to withdraw. We first address the unassigned error concerning the lack of a reporter's record. Because the record contains no objection to the failure to record the proceedings, Rittenhouse has not preserved error for our review. Next, we address whether Rittenhouse has shown reversible error due to the denial of the motion for extension. Because there is no reporter's record, we must presume the trial court reached the correct decision in finding no accident or mistake. Therefore, the trial court did not err in dismissing the suit. Last, we address whether Rittenhouse has shown that his due process rights were violated. Because this issue was not raised before the trial court, any error was waived. We affirm the judgment of the trial court.

### Factual Background

On August 15, 2003, Rittenhouse sued Oak Haven for improperly removing him from Xanax,[2] which removal allegedly caused him to become delusional and re-

sulted in injuries and damages. On February 6, 2004, Rittenhouse's counsel filed a motion to withdraw as Rittenhouse's attorney and sent a copy of the motion to Rittenhouse. Although the motion to withdraw was filed five days before the expert report was due, Rittenhouse's counsel did obtain an agreed extension of the deadline with most of the parties to file the expert report.[3] On February 9, 2004, the trial court granted the motion to withdraw. On March 15, 2004, Oak Haven and Dr. Lamothe filed motions to dismiss for failure to file an expert report. On March 18, 2004, Rittenhouse's new counsel filed a notice of appearance and a motion to extend the deadline for submission of the expert report. On March 22, 2004, an unsigned expert report dated March 17, 2004, was filed, and the trial court held a hearing concerning the motions for extension and for dismissal. Rittenhouse alleges in his brief that the proceedings were "not electronically recorded."

In the record on appeal, there is no reporter's record of the hearing. On April 1, 2004, the trial court denied the motion for extension. The trial court granted both motions to dismiss April 2, 2004.

### Discussion

As a medical malpractice action, this appeal is governed by the Medical Liability and Insurance Improvement Act as codified in former Section 4590i of the Texas Revised Civil Statutes. *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985–87, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204,

---

**2.** Xanax, which contains alprazolam, is used for the management of anxiety disorder. *Physicians' Desk Reference* 2798 (58th ed. 2004). Rittenhouse had taken Xanax for approximately fifteen years to treat anxiety disorder.

**3.** The agreed extension extended the deadline until March 12, 2004. However, the record

does not indicate Dr. Lamothe agreed to the extension. Further, the record on appeal does not indicate whether the extension, which was in writing, was filed with the trial court, as required under Rule 11. *See* Tex.R. Civ. P. 11.

§ 10.09, 2003 Tex. Gen. Laws 884 (hereafter cited as 1995 Tex. Gen. Laws 985–87). Section 13.01(d) of the Act provides:

Not later than the later of the 180th day after the date on which a health care liability claim is filed or the last day of any extended period ..., the claimant shall, for each physician or health care provider against whom a claim is asserted:

(1) furnish to counsel for each physician or health care provider one or more expert reports, with a curriculum vitae of each expert listed in the report; or

(2) voluntarily nonsuit the action against the physician or health care provider.

1995 Tex. Gen. Laws 985–87.

The trial court denied Rittenhouse's motion to extend and dismissed the lawsuit. Rittenhouse has failed to show reversible error on appeal because 1) the error concerning the lack of a reporter's record is not preserved; 2) we must presume the trial court's conclusion, that Rittenhouse did not prove that an accident or mistake prevented the timely filing of an expert report, was correct since there is no reporter's record; and 3) in the absence of a reporter's record, any error in granting the motion to withdraw has not been shown to have resulted in harm.

### The Error in Failing to Record Proceedings is not Preserved

Although not raised by Rittenhouse, we note the court reporter apparently failed to report the hearing held on the motions for extension and to dismiss. Under the Rules of Appellate Procedure, a court reporter must make a full record of all proceedings unless excused by agreement of the parties. *See* Tex.R.App. P. 13.1. However, any error in this failure was not preserved for appellate review.

Before the 1997 amendment to the Rules of Appellate Procedure, a record was only required when requested. Rule 13.1(a) replaced Rule of Appellate Procedure 11(a)(1) and (2), which required the court reporter to record proceedings only when requested by the trial court or the attorney for any party. *Compare* Tex. R.App. P. 13.1(a) *with* Tex.R.App. P. 11(a), 49 Tex. B.J. 561 (Tex. and Tex.Crim.App. 1986, amended 1997). Rule of Appellate Procedure 13.1(a) provides "[t]he official court reporter or court recorder must: (a) unless excused by agreement of the parties, attend court sessions and make a full record of the proceedings." Tex.R.App. P. 13.1(a).

■ We note there is disagreement among the courts of appeals as to the interpretation and effect of Rule 13.1(a) of the Rules of Appellate Procedure. This Court and the Corpus Christi Court of Appeals have held the court reporter has a duty to record all proceedings unless a party expressly waives his or her right to have a court reporter record the proceedings. *Brossette v. State*, 99 S.W.3d 277, 284 (Tex.App.-Texarkana 2003, pet. dism'd, untimely filed); *Palmer v. Espey Huston & Assocs.*, 84 S.W.3d 345, 351 (Tex.App.-Corpus Christi 2002, pet. denied); *Tanguma v. State*, 47 S.W.3d 663, 670 (Tex.App.-Corpus Christi 2001, pet. ref'd), *overruled in part, Valle v. State*, 109 S.W.3d 500, 508–09 (Tex.Crim.App.2003) (an objection is still required to preserve error for appellate review). In contrast, the First District Court of Appeals found that Rule 13.1(a) was in conflict with Texas Government Code Section 52.046(a) and held that Section 52.046(a) governs the recording of court reporters.[4] As we held in *Brossette*,

---

4. *Polasek v. State*, 16 S.W.3d 82, 88–89 (Tex. App.-Houston [1st Dist.] 2000, pet. ref'd).

the court reporter must record all proceedings unless the parties expressly waive their right to have a court reporter record the proceedings. *See Brossette*, 99 S.W.3d at 284. Unless the parties expressly waive their right to a record, the court reporter's failure to transcribe the proceedings violates Rule 13.1(a) and constitutes error.[5]

■ Any error here, however, was not preserved for appellate review. The record contains no indication that any objection was made to the failure of the court reporter to record the proceedings. Rule 33 provides: "(a) *In General.* As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion...." TEX.R.APP. P. 33.1(a). In *Valle*, the Texas Court of Criminal Appeals held that an objection is still required to preserve the failure to record the proceedings for appellate review. *Valle v. State*, 109 S.W.3d 500, 509 (Tex.Crim.App.2003); *Brossette*, 99 S.W.3d at 284; *see Williams v. State*, 937 S.W.2d 479, 487 (Tex.Crim. App.1996) (former Rule 11); *see also Morin–Spatz v. Spatz*, No. 05–00–01580–CV, 2002 WL 576513, at *8 (Tex.App.-Dallas Apr. 18, 2002, no pet.) (not designated for publication). We hold that Rittenhouse did not preserve the error for appellate review.

## The Failure to Grant an Extension was not Reversible Error

Rittenhouse contends the trial court erred in dismissing his suit when he had timely filed a motion for extension. He contends that his original trial counsel never adequately informed him of the deadline and that the failure to file the report was due to confusion surrounding the substitution of counsel. According to Rittenhouse, the motion was timely filed as a motion under Section 13.01(g) and the trial court was required to grant a thirty-day extension. Because there is no record of the hearing on the motion, or other evidence of accident or mistake, we overrule Rittenhouse's first point of error.

Article 4590i, Section 13.01(d) requires a plaintiff asserting a claim against a healthcare provider or physician to submit an expert report, along with the expert's curriculum vitae, no later than the 180th day after filing suit.[6] The Act requires an expert report to provide "a fair summary of the expert's opinions ... regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01, 1995 Tex. Gen. Laws 985–87.

Section 52.046 of the Government Code provides:
> (a) On request, an official court reporter shall:
>> (1) attend all sessions of the court;
>> (2) take full shorthand notes of oral testimony offered before the court, including objections made to the admissibility of evidence, court rulings and remarks on the objections, and exceptions to the rulings;
>> (3) take full shorthand notes of closing arguments if requested to do so by the attorney of a party to the case, including objections to the arguments, court rulings

and remarks on the objections, and exceptions to the rulings; ....
TEX. GOV'T CODE ANN. § 52.046 (Vernon 1998).

**5.** The record on appeal does not indicate whether the parties expressly waived their rights to have the proceedings recorded.

**6.** 1995 Tex. Gen. Laws 985–87. This Act, as amended, was recodified at TEX. CIV. PRAC. & REM.CODE ANN. § 74.351 (Vernon Supp.2004–2005) (effective September 1, 2003). This action was filed August 15, 2003, before the new Act's September 1, 2003, effective date.

■ If an expert report is not furnished to each defendant physician or healthcare provider within 180 days and no extensions are granted, the trial court must dismiss the suit with prejudice. Dismissal under Article 4590i, Section 13.01(e) is treated as a sanction and is reviewed for an abuse of discretion. *Russ v. Titus Hosp. Dist.*, 128 S.W.3d 332, 339 (Tex.App.-Texarkana 2004, pets. denied [2 pets.]); *see Am. Transitional Care Ctrs. v. Palacios*, 46 S.W.3d 873, 877 (Tex.2001). Article 4590i, § 13.01(e) states:

> If a claimant has failed, for any defendant physician or health care provider, to comply with Subsection (d) of this section within the time required, the court shall, on the motion of the affected physician or health care provider, enter an order awarding as sanctions against the claimant or the claimant's attorney:
>
> (1) the reasonable attorney's fees and costs of court incurred by that defendant;
>
> (2) the forfeiture of any cost bond respecting the claimant's claim against that defendant to the extent necessary to pay the award; and
>
> (3) the dismissal of the action of the claimant against that defendant with prejudice to the claim's refiling.

1995 Tex. Gen. Laws 985–87.

■ The question before this Court is whether the trial court erred in not granting Rittenhouse's motion for extension. We review the trial court's ruling on a motion for extension of time to file an expert report under an abuse of discretion standard. *Russ*, 128 S.W.3d at 336. "However, to the extent resolution of this issue requires interpretation of the statute itself, we review under a de novo standard." *Buck v. Blum*, 130 S.W.3d 285, 290 (Tex.App.-Houston [14th Dist.] 2004, no pet.). An abuse of discretion occurs when a trial court acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *Russ*, 128 S.W.3d at 336; *see Moore v. Sutherland*, 107 S.W.3d 786, 789 (Tex.App.-Texarkana 2003, pet. denied). A trial court will be deemed to have acted arbitrarily and unreasonably if it could have only reached one decision, yet reached a different decision. *Teixeira v. Hall*, 107 S.W.3d 805, 807 (Tex.App.-Texarkana 2003, no pet.). "[A] clear failure by the trial court to ... apply the law correctly will constitute an abuse of discretion, ...." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992).

■ Article 4590i, Section 13.01 provides two methods by which a claimant may receive an extension to the 180-day deadline. Under Section 13.01(f), "[t]he court may, for good cause shown after motion and hearing, extend any time period specified in Subsection (d) of this section for an additional 30 days. Only one extension may be granted under this subsection." Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01, 1995 Tex. Gen. Laws 985–87. Section 13.01(f) has been interpreted by this Court to be discretionary rather than mandatory. *Russ*, 128 S.W.3d at 336; *Roberts v. Med. City Dallas Hosp., Inc.*, 988 S.W.2d 398, 402 (Tex.App.-Texarkana 1999, pet. denied). Under the second method, found in Section 13.01(g), if "the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection." Section 13.01(g) has been interpreted to be mandatory on a finding that the failure was a result of accident or mistake. *Russ*, 128 S.W.3d at 336; *Moore*, 107 S.W.3d at 789; *Finley v. Steenkamp*, 19 S.W.3d 533, 539 (Tex.App.-Fort Worth 2000, no pet.). An extension under Section 13.01(g) can be

obtained for either failure to file a report or for an inadequate report, provided the failure was not intentional or the result of conscious indifference. *Russ*, 128 S.W.3d at 336; *In re Morris*, 93 S.W.3d 388, 391 (Tex.App.-Amarillo 2002, orig. proceeding).

The motion for extension in the instant case does not clearly indicate the subsection under which an extension was being sought. The motion does recite, though, that good cause exists for the extension and alleges some facts indicating confusion caused by the withdrawal of counsel. The motion states in part:

> Plaintiff states that good cause exists to extend said submission time of said report in that Plaintiff was previously represented by Ray Brooks. Mr. Brooks did not notify Plaintiff that he had not secured an expert report until mid-February, 2004. Mr. Brooks filed a motion to withdraw from representing Plaintiff on or about February 6, 2004. Plaintiff immediately began to work on finding an expert who could complete the report and will be able to file the report within the next ten days. Plaintiff would plead that once he began [sic] aware of the insufficiency of his claim, he began to secure substitute counsel and the expert report.

Rittenhouse argues on appeal it is uncontroverted that the failure to file the report was not intentional or the result of conscious indifference, but rather the result of accident or mistake.

A motion should be construed by its substance to determine the relief sought, not merely by its form or caption. *Russ*, 128 S.W.3d at 338; *see Surgitek v. Abel*, 997 S.W.2d 598, 601 (Tex.1999). While the motion for extension quotes the standard for a motion under Section 13.01(f), i.e., "good cause," the motion also alleges facts sufficient to constitute an accident or mistake. The motion alleges that the confusion surrounding the withdrawal of counsel resulted in the failure to file the expert report. While the motion does not quote the standards of Section 13.01(g), the facts alleged in the motion are sufficient to indicate an accident or mistake similar to the situation in *Russ*. The motion is sufficient to request an extension under Section 13.01(g).

The motion was timely filed under Section 13.01(g). A motion under Section 13.01(g) "shall be considered timely if it is filed before any hearing on a motion by a defendant under Subsection (e) of this section." 1995 Tex. Gen. Laws 985–87. Because the motion for extension was filed several days before the hearing, the motion to extend was timely filed under Section 13.01(g). *See Russ*, 128 S.W.3d at 337. The remaining question is whether Rittenhouse has shown that the trial court committed reversible error in denying the motion.

An extension under Section 13.01(g) requires a finding that the failure was not the result of conscious indifference or intentional, but rather the result of a mistake or accident. *Id.* at 336. Although the extension is mandatory once it is established that the failure was not due to intentional or conscious indifference but rather to an accident or mistake, Rittenhouse has failed to present some evidence that the failure to furnish the report was due to an accident or mistake. Rittenhouse had the burden to show some evidence of accident or mistake to demonstrate he did not act intentionally or with conscious indifference. *Tesch v. Stroud*, 28 S.W.3d 782, 787 (Tex.App.-Corpus Christi 2000, pet. denied); *Schorp v. Baptist Mem'l Health Sys.*, 5 S.W.3d 727, 732 (Tex.App.-San Antonio 1999, no pet.). It is then the defendant's burden to controvert the plaintiff's evidence of mistake, or else an issue of mistake exists and an extension

of time must be granted. *Tesch*, 28 S.W.3d at 787; *Finley*, 19 S.W.3d at 539; *Schorp*, 5 S.W.3d at 732. Because there is no reporter's record on appeal and no affidavits were filed in support of the motion, there is no evidence that the failure to file the expert report was due to an accident or mistake.

We note that we held in *Russ* that an attorney's unsworn statements at a hearing could conclusively establish that the failure to file a report was due to an accident or mistake and not intentional or the result of conscious indifference. However, that conclusion was based on the opponent's failure to object to the unsworn statements during the hearing on the issue. The general rule is that an attorney's statements must be under oath to constitute evidence. *Russ*, 128 S.W.3d at 338; *see Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex.1997); *Presbyterian Healthcare Sys. v. Afangideh*, 993 S.W.2d 319, 323 (Tex. App.-Eastland 1999, pet. denied). However, such error is waived by the failure to object when the opponent knew or should have known an objection was required. *Russ*, 128 S.W.3d at 338; *Moore*, 107 S.W.3d at 793; *Knie v. Piskun*, 23 S.W.3d 455, 463 (Tex.App.-Amarillo 2000, pet. denied). In *Russ*, we held that the "evidentiary nature of the statements was obvious, particularly after the attorney had offered to take the witness stand," and concluded "the failure of either defense counsel to object waived the requirement that the statement be made under oath." *Russ*, 128 S.W.3d at 338. This case is distinguishable from *Russ*, because there is no

reporter's record of the hearing. There was a reporter's record in *Russ*. Without a reporter's record of the hearing, there is no evidence of the reason for the failure to file the expert report.

When a reporter's record is necessary for appellate review and the appellant fails to file the reporter's record, a presumption arises that the reporter's record would support the trial court's judgment.[7] We note that Rittenhouse alleges facts on appeal sufficient to show that the failure to file was not intentional or due to conscious indifference, but rather due to an accident or mistake. Rittenhouse alleges that the confusion surrounding the substitution of counsel resulted in the failure to file the report. "Generally, an accident or mistake is characterized by inadequate knowledge of the facts or an unexpected happening that precludes compliance." *Castellano v. Garza*, 110 S.W.3d 70, 73 (Tex.App.-San Antonio 2003, no pet.). As we noted in *Russ* and *Moore*, the accident or mistake need not necessarily be a good excuse, provided the act or omission was, in fact, an accident or mistake. *Russ*, 128 S.W.3d at 338–39; *Moore*, 107 S.W.3d at 792. If the failure to file an expert report resulted from an accident or mistake, even negligence does not defeat a right to an extension. *Russ*, 128 S.W.3d at 339; *see Moore*, 107 S.W.3d at 792; *Roberts*, 988 S.W.2d at 403. Further, even some mistakes of law may negate a finding of intentional conduct or conscious indifference, entitling the claimant to an extension. *Bank One, Tex., N.A. v. Moody*, 830 S.W.2d 81, 84 (Tex.1992).[8] However, with-

**7.** *See Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998); *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex.App.-Houston [14th Dist.] 1999, pet. denied); *Harmon Truck Lines, Inc. v. Steele*, 836 S.W.2d 262, 264 (Tex.App.-Texarkana 1992, writ dism'd). We

also note there is no agreed record pursuant to Rule 34.2. *See* Tex.R.App. P. 34.2.

**8.** We note the Texas Supreme Court has held that not all mistakes of law are mistakes under the statute; specifically, "a purportedly mistaken belief that the report complied with the statute does not negate a finding of 'inten-

out a reporter's record, we must presume the trial court was correct in finding that the failure in the instant case was not due to an accident or mistake.

Rittenhouse has not shown he was entitled to an extension under Section 13.01(g). Without evidence establishing an accident or mistake, we must presume the trial court's decision was correct. Because no expert report was filed by the deadline and Rittenhouse has not shown he was entitled to an extension, dismissal was mandatory under the statute. Therefore, the trial court did not err in dismissing the suit with prejudice. We overrule Rittenhouse's first point of error.

### Rittenhouse's Due Process Rights

According to Rittenhouse's second point of error, the granting of Rittenhouse's first attorney's motion to withdraw violated Rittenhouse's due process rights. While the record does not indicate when Rittenhouse retained his current counsel, the notice of appearance was not filed until after the deadline to file a report had passed. Rittenhouse argues that the failure to specify the date of the expert report deadline in the motion violated his right to due process.

 An attorney may withdraw from representation of a client only if the attorney satisfies the requirements of Rule 10 of the Texas Rules of Civil Procedure.

*Rogers v. Clinton,* 794 S.W.2d 9, 10 n. 1 (Tex.1990). Rule 10 provides that "the motion shall state: that a copy of the motion has been delivered to the party; that the party has been notified in writing of his right to object to the motion; whether the party consents to the motion; the party's last known address and *all pending settings and deadlines.*" TEX.R. CIV. P. 10 (emphasis added). We note that the failure to specify any pending settings or deadlines may violate the client's right to due process. *Misium v. Misium,* 902 S.W.2d 195, 197 (Tex.App.-Eastland 1995, writ denied). While the motion did acknowledge there was a deadline, the motion did not provide a date for the deadline.[9]

 Even if the failure to specify the date of the deadline for the expert report violated Rittenhouse's due process rights, the error, if any, was waived. Fundamental error is very limited in Texas jurisprudence. "Fundamental error survives today in those rare instances in which the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas." *Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex.1982). Alleged error, including claims that an individual's constitutional rights were violated, is waived if not asserted in the trial court.[10]

---

tional or conscious indifference.' " *Walker v. Gutierrez,* 111 S.W.3d 56, 65 (Tex.2003).

9. The motion to withdraw simply specified that the expert report needed to be filed. The motion states "[t]he following settings and deadlines are pending in this matter: .... [p]laintiff needs to file an expert report pursuant to 4590i setting out the negligence of Defendants and damages caused by that negligence." We believe the rule requires an attorney to inform the client of the date(s) of any pending setting or deadline. *See* 1 WIL-

LIAM V. DORSANEO III, TEXAS LITIGATION GUIDE § 3.106 (2004).

10. *Dreyer v. Greene,* 871 S.W.2d 697, 698 (Tex.1993) (declining to consider due process and equal protection arguments). We note that the failure to object to a constitutional right not recognized at the time of trial does not waive the right on appeal when the claim was so novel that the basis of the claim was not reasonably available at the time of trial or the law was so well settled at the time that an objection would have been futile. *Jones v.*

There is no indication in the record Rittenhouse preserved error by objecting to the motion to withdraw or raised the issue of whether his due process rights were violated at the trial court level. Because error was waived, we overrule Rittenhouse's second point of error.

### Conclusion

Rittenhouse has failed to show reversible error on appeal. Any error concerning the lack of a reporter's record was not preserved for appellate review. In the absence of a reporter's record, we must presume the trial court was correct in concluding Rittenhouse did not prove that an accident or mistake prevented the timely filing of an expert report. Any violations of Rittenhouse's due process rights were waived.

We affirm the judgment.

*Martin K. Eby Constr. Co.,* 841 S.W.2d 426, 428 (Tex.App.-Dallas 1992, writ denied).