Opinion filed October 13, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed October 13, 2005

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00300-CV 

 

                                                    __________

 

                                 ELIZABETH MEREDITH, Appellant

 

                                                             V.

 

                                         RAMONA
ELLIS, Appellee

 



 

                                               On
Appeal from the County Court

 

                                                          Brown
County, Texas

 

                                                Trial
Court Cause No. CIV08131

 



 

                                              M
E M OR A N D U M   O P I N I O N

 

This is a forcible entry and detainer case.  Ramona Ellis originally sued Elizabeth
Meredith in the justice court.  The
justice court found in favor of Ellis and entered a judgment for rent and costs
against Meredith for $192.  Meredith
appealed to the county court who determined that Meredith=s right to possession of the premises
had been properly terminated by Ellis and that Meredith owed Ellis rent in the
amount of $1,200.  Meredith appeals.  We affirm.








In her brief, Meredith contends that a court
reporter should have been present at the time the hearing was conducted.  Meredith also argues that the judgment was Aa little harsh and wrong@ and that the trial court=s ruling resulted in a violation of her
rights under U.S. CONST. amend. 14.

In its corrected judgment signed on December 28,
2004, the county court stated that the parties waived a jury and that a written
record was not made of the proceedings. 
Meredith did not object that a written record was not made of the
proceedings and cannot now challenge the failure of the court reporter to
record the proceedings.  TEX.R.APP.P.
33.1(a); Rittenhouse v. Sabine Valley Center Foundation, Inc., 161
S.W.3d 157 (Tex.App. - Texarkana 2005, no pet=n).

The record before this court reflects that
Meredith had rented the premises from Ellis. Meredith had agreed to pay $150 on
the 15th and 30th of every month.  On
July 16, 2004, Ellis gave Meredith written notice that, if Meredith did not pay
the rent that was due by midnight on 
July 17, Ellis would begin eviction proceedings.  In a letter dated July 16, 2004, Meredith
informed Ellis that, as soon as Ellis made the repairs that Meredith requested,
Ellis could Ahave@ the agreed bimonthly rental
payments.  On July 26, 2004, Ellis filed
a sworn complaint in the justice court alleging that Meredith owed $191 in
rent.  The justice court entered its
judgment on August 19, 2004.  The county
court heard the dispute on December 7, 2004, at which time, under the parties agreement,
the total rent due equaled $191 owed on July 26 plus $150 owed on July 30 and
$1,200 owed for the months of August through November of 2004.

The record before this court does not support
Meredith=s
contentions on appeal.  All of Meredith=s arguments on appeal have been
considered, and each is overruled.

The judgment of the trial court is affirmed.

 

PER CURIAM

 

October 13, 2005

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.