Affirmed and Memorandum Opinion filed December 15, 2005









Affirmed and Memorandum Opinion filed December 15, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00452-CV

_______________

 

ELECTRONIC BANKCARD SYSTEMS, INC., AND GLENN FRANCIS,
INDIVIDUALLY AND D/B/A EBS, Appellants

 

V.

 

RETRIEVER INDUSTRIES, INC. D/B/A 

RETRIEVER PAYMENT SYSTEMS AND RETRIEVER SALES, INC., 

FIRST NATIONAL BANK OF OMAHA, D/B/A FIRST OF OMAHA
MERCHANT PROCESSING (FNBO) AND WALT L. RAINES, Appellees

__________________________________________________________________

 

On Appeal from the 61st District Court

Harris County, Texas

Trial Court Cause No. 99‑06816

__________________________________________________________________

 

M E M O R A N D
U M   O P I N I O N








Appellants, Electronic Bankcard Systems, Inc. and Glenn
Francis, Individually and d/b/a EBS (collectively AEBS@),[1]
appeal from a take nothing judgment in their breach of contract suit against
appellees, Retriever Industries, Inc. d/b/a Retriever Payment Systems and
Retriever Sales, Inc. (collectively ARetriever@).[2]  EBS contends (1) the trial court erred by
giving a coercive jury charge during deliberations, and (2) the evidence is
factually insufficient to support one of the jury=s findings.  We affirm.

I. 
Background

Retriever sells credit card processing to merchants.  Retriever and EBS entered into an AEmployee Finders Agreement@ whereby EBS would locate persons to
become employees of Retriever and sell the credit card processing to
merchants.  EBS=s fees were called Aresiduals@ and were, in essence, commissions
based on credit card processing sold to merchants and their subsequent credit
card transactions.  In addition, Francis
individually became a salesperson and executed a separate AEmployment Agreement@ with Retriever.  The parties operated under these agreements
for several years, but Retriever ultimately terminated both agreements and
refused to pay any more residuals.

Subsequently, Retriever sent EBS a ALetter of Intent@ attempting to settle the disputes
arising from termination of the agreements. 
Retriever offered to pay EBS certain residuals over a five-year
period.  In return, among other matters,
EBS would not interfere with Retriever=s business and would provide a full
accounting.  EBS signed the Letter of
Intent but later refuted that it was a binding agreement.  In contrast, Retriever believed it had
settled all disputes because it paid EBS the amounts outlined in the Letter of
Intent.








EBS later sued Retriever claiming it breached the Employee
Finders Agreement and the Employment Agreement.[3]  Retriever asserted accord and satisfaction,
novation, estoppel, waiver, and modification as affirmative defenses based on
the Letter of Intent.  Retriever also
filed a counterclaim alleging EBS breached the Letter of Intent.  With respect to EBS=s claims, a jury found that Retriever
did not breach the Employee Finders Agreement or the Employment Agreement.  With respect to Retriever=s counterclaim, the jury found that
EBS agreed to be bound by the Letter of Intent and breached the Letter of
Intent.  However, the jury found that
Retriever unreasonably delayed in enforcement of the Letter of Intent.  Therefore, the trial court entered a
take-nothing judgment against all parties. 
Only EBS appeals the judgment.

II. 
Discussion

Although EBS=s issues are confusing, it apparently presents two issues:
(1) the trial court erred by giving a coercive jury charge during
deliberations, and (2) the evidence is factually insufficient to support the
jury=s finding that Retriever did not
breach the Employee Finders Agreement.[4]

A.        Coercive Jury Charge








First, EBS contends the trial court gave a coercive jury
charge during deliberations.  There is no
reporter=s record of any such charge or the
surrounding circumstances, but EBS asserts that the following occurred.  The jury began deliberating at mid-day on a
ThursdayCa week before ChristmasCand continued deliberating on
Friday.  At some point on Friday, several
jurors expressed concerns about their upcoming holiday plans.  Late Friday afternoon, the trial court sent a
verbal message via the bailiff that the jury Aneeded to reach a verdict even if
they had to stay until midnight (Friday); that if they couldn=t reach a verdict that day, they
would be returning Monday (December 22) and deliberating until they reached a
verdict.@ 
The jury then returned its verdict at 5:00 p.m. on Friday.  According to EBS, the trial court=s message was a Adynamite charge@[5] that coerced the jury to reach a
verdict which Apoured out@ EBS.

In response, Retriever contends EBS has waived its complaint
because there is no reporter=s record of any coercive charge, and EBS was required to
request that the reporter make a record.[6]  Further, Retriever contends that EBS waived
its complaint by failing to object to the lack of a record.  In contrast, EBS maintains it has not waived
its complaint because the reporter was required to record all proceedings even
without a request.  Thus, as a sub-issue,
EBS contends it is entitled to a new trial based on the lack of a record.








There is a conflict of authority on whether the court
reporter or the complaining party bears the obligation to ensure that trial
proceedings are recorded.[7]  We need not resolve this conflict here
because even if the reporter bears the obligation to record all proceedings,
the complaining party must still object to the lack of a record to preserve
error.  See, e.g., Valle v.
State, 109 S.W.3d 500, 508B09 (Tex. Crim. App. 2003); Rittenhouse v. Sabine Valley
Ctr. Found., Inc., 161 S.W.3d 157, 162 (Tex. App.CTexarkana 2005, no pet.); Brossette
v. State, 99 S.W.3d 277, 284B85 (Tex. App.CTexarkana 2003, pet. dism=d, untimely filed); see also Tex. R. App. P. 33.1(a).[8]  Here, there is no indication that EBS
objected to the court reporter=s failure to record the charge at issue.  Therefore, EBS has waived its complaint that
the reporter failed to record the charge. 
In turn, without a reporter=s record, EBS has waived its
complaint that the trial court gave a coercive charge.

Moreover, even if EBS had not waived its complaints, it was
not harmed by the reporter=s failure to record any coercive charge or by the charge
itself.  See Tex. R. App. P. 44.1(a); Palmer v.
Espey Huston & Assocs., Inc., 84 S.W.3d 345, 351 (Tex. App.CCorpus Christi 2002, pet. denied)
(recognizing appellant must show reporter=s error in failing to record certain
proceedings was reversible).  The record
we do have demonstrates that if the trial court gave a charge as claimed
by EBS, it could not have coerced the jury to Apour out@ EBS.

The record shows that late Friday morning, the jury returned
with what it thought was a verdict. 
However, the jury had not answered two questions, so the trial court
instructed the jury to continue deliberating. 
Significantly, at that point, the jury had answered all questions
concerning Retriever=s liability to EBS. 
Specifically, the jury had found that Retriever did not breach the
Employee Finders Agreement or the Employment Agreement.  The verdict reflects there were no subsequent
changes to those answers.








The remaining questions to be answered concerned Retriever=s counterclaim for breach of the Letter
of Intent.  In particular, the jury had
not answered questions seven and eight. 
In question seven, the jury was asked whether Retriever unreasonably
delayed in enforcing the Letter of Intent. 
Question eight concerned Retriever=s damages resulting from EBS=s breach of the Letter of Intent.

According to EBS, the trial court gave the coercive charge
later that afternoon.  Therefore, when
the trial court gave the charge, if any, the jury had already determined that
Retriever had no liability to EBS. 
Consequently, the charge could not have coerced the jury to Apour out@ EBS. 
Instead, the only answer given by the jury after the charge, if
any,  Apoured out@ Retriever on its counterclaim.[9]  Accordingly, we overrule EBS=s issue concerning a coercive jury
charge and its sub-issue concerning the reporter=s failure to record the charge.

B.        Factual
Insufficiency

Next, EBS contends the evidence is factually insufficient to
support the jury=s finding that Retriever did not breach the Employee Finders
Agreement.  However, EBS did not preserve
error on this complaint.  A party
challenging the factual sufficiency of the evidence to support a jury finding
must file a motion for new trial in order to preserve error.  Tex.
R. Civ. P. 324(b)(2), (3); Cecil v. Smith, 804 S.W.2d 509, 510
(Tex. 1991); Burke v. Union Pac. Res. Co., 138 S.W.3d 46, 62 (Tex. App.CTexarkana 2004, pet. denied).  In the motion for new trial, the party must
specifically point out the deficiencies in a manner that adequately apprises
the trial court of those deficiencies.  Arroyo
Shrimp Farm, Inc. v. Hung Shrimp Farm, Inc., 927 S.W.2d 146, 150 (Tex. App.CCorpus Christi 1996, no writ).  








On appeal, EBS challenges the factual sufficiency of the
evidence to support the jury=s answer to question oneCits finding that Retriever did not
breach the Employee Finders Agreement. 
In its motion for new trial, EBS challenged the factual sufficiency of
the evidence to support only the jury=s answer to question fourCits finding that Retriever and EBS
agreed to be bound by the Letter of Intent. 
Therefore, in its motion for new trial, EBS did not apprise the trial
court that it was challenging the jury=s finding that Retriever did not
breach the Employee Finders Agreement. 
Consequently, EBS has waived this factual sufficiency complaint.  See Wirtz v. Mass. Mut. Life Ins. Co.,
898 S.W.2d 414, 419B20 (Tex. App.CAmarillo 1995, no writ) (holding appellant waived factual
sufficiency challenge to some jury findings where motion for new trial
addressed only other jury findings); see also Knox v. Taylor, 992
S.W.2d 40, 65 (Tex. App.CHouston [14th Dist.] 1999, no pet.) (recognizing complaint on
appeal must comport with objection at trial).

Accordingly, the judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed December 15, 2005.

Panel consists of
Justices Hudson, Edelman, and Seymore.

 

 











[1]  Francis is the
owner of EBS, but we will refer to them collectively as AEBS@ except when necessary to refer to them separately.





[2]  Through
various purchases and assignments, several ARetriever@ entities have been parties to the transactions at
issue, but we will refer to them collectively as ARetriever.@  EBS also sued
First National Bank of Omaha d/b/a First Omaha Merchant Processing and Walt L.
Raines, but the trial court refused to submit jury questions concerning their
liability.  EBS does not appeal that
ruling; thus, only Retriever is an appellee.





[3]  EBS asserted
other claims, but only breach of contract claims remained when the case was
submitted to the jury.





[4]  In its ATable of Contents,@ EBS
lists one numbered issue contending the trial court gave a coercive jury
charge.  Under this one issue, EBS lists
several sub-issues including a complaint that there is no reporter=s record of the coercive charge and a factual insufficiency
challenge.  Later, under AIssues Presented,@ EBS
lists three numbered issues contending the trial court gave a coercive
jury charge, the outcome should reflect justice, not Aexpediting dockets,@ and the
court reporter was required to record the charge.  Regardless, we discern two complaints from
the body of the brief and will address them by subject, rather than numbered
issues.





[5]  An Allen
or Adynamite@ charge
encourages the jury to reach a verdict and is usually given in response to a
specific communication from the jury indicating it is deadlocked.  Moore v. Mem=l Hermann Hosp. Sys., Inc., 140 S.W.3d 870, 877 n.6 (Tex. App.CHouston [14th Dist.] 2004, no pet.) (citing Allen
v. United States, 164 U.S. 492 (1896)).





[6]  Retriever
seems to acknowledge that the trial court made some communication to the jury
in response to the jurors= concerns regarding holiday plans.  Although Retriever=s counsel cannot recall the exact communication,
Retriever disputes EBS=s recitation of the communication. 





[7]  Texas Rule of
Appellate Procedure 13.1(a) provides that the court reporter must make a full
record of the proceedings Aunless excused by agreement of the parties.@  Tex. R. App. P. 13.1(a).  Some courts have held that Rule 13.1 requires
the reporter to record all trial proceedings unless a record is waived by the
parties.  See, e.g., Valle v. State,
109 S.W.3d 500, 508 (Tex. Crim. App. 2003); Rittenhouse v. Sabine Valley
Ctr. Found., Inc., 161 S.W.3d 157, 161B62 (Tex.
App.CTexarkana 2005, no pet.); Smith v. State, 114
S.W.3d 66, 70 (Tex. App.CEastland 2003, pet. ref=d); Palmer
v. Espey Huston & Assocs., Inc., 84 S.W.3d 345, 350B51 (Tex. App.CCorpus
Christi 2002, pet. denied).  However,
section 52.046(a) of the Texas Government Code provides that the court reporter
shall record certain proceedings A[o]n
request.@  See Tex. Gov=t Code Ann. ' 52.046(a) (Vernon 2005).  Thus, some courts have held that Rule 13.1
conflicts with  section 52.046, and a
party is required to request a record.  See
e.g., Langford v. State, 129 S.W.3d 138, 139 (Tex. App.C Dallas 2003, no pet.); Washington v. State,
127 S.W.3d 111, 113B15 (Tex. App.CHouston
[1st Dist.] 2003, no pet.); Polasek v. State, 16 S.W.3d 82, 88B89 (Tex. App.CHouston
[1st Dist] 2000, pet. denied) (en banc); see also Nabelek v. District
Attorney of Harris County, __ S.W.3d __, No. 14‑03‑00965‑CV,
2005 WL 2148999, at *5 (Tex. App.CHouston
[14th Dist.] Sept. 8, 2005, no pet. h.).





[8]  The Corpus
Christi Court of Appeals has explicitly held that a party is not required to
object to the court reporter=s failure to make a record to preserve error.  See Tanguma v. State, 47 S.W.3d 663,
674 (Tex. App.CCorpus Christi 2001, pet. ref=d).  However,
the Court of Criminal Appeals has disapproved of Tanguma to the extent
it held that no objection is required.  See
Valle, 109 S.W.3d at 508B09; see also State v. Herndon, 115 S.W.3d 231,
234 (Tex. App.CCorpus Christi 2003, pet. granted) (recognizing that
in light of Valle, party must object to court reporter=s failure to record trial proceedings).





[9]  In answer to
question seven, the jury found Retriever unreasonably delayed in enforcing the
Letter of Intent, thereby precluding Retriever from recovery for EBS=s breach of the Letter of Intent.  Thus, the 
jury was not required to answer question eight concerning Retriever=s damages.