

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00614-CV

Hector **GONZALEZ**,
Appellant

v.

**ATENEA CAPITAL MARKETS FUND, LP**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-13872
Honorable Larry Noll, Judge Presiding

Opinion by:  Karen Angelini, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Jason Pulliam, Justice

Delivered and Filed:  October 28, 2015

AFFIRMED

This is an appeal stemming from a dispute regarding an alleged investment scam. Appellee, Atenea Capital Markets Fund, LP ("Atenea"), brought suit against several of its founders, including appellant, Hector Gonzalez, for multiple causes of action. In three issues on appeal, Gonzalez argues Atenea did not have standing to sue, Atenea's claims were not ripe at the time the lawsuit was filed, and Atenea's recovery violates the one-satisfaction rule. We affirm the trial court's judgment.

## BACKGROUND

Atenea is an investment fund that sued seven of its founders, including Gonzalez, alleging they engaged in a "Ponzi-type" scheme by failing to properly invest money raised by the fund and intentionally misrepresenting how funds were being utilized. According to Atenea, the defendants, acting as financial advisers on behalf of Atenea, told investors that their monies were being properly invested. The defendants provided investors with certificates, promising a return on the investments, and portfolios, detailing the stocks and other investments to which their monies were allegedly contributed. However, instead of investing the funds, the defendants embezzled over five million dollars of investment funds. As time passed, investors never received their dividends or principals as provided by the certificates. As a result, Atenea sued, contending it lost investment money and now faces potential liability from investors who were deceived by the defendants' alleged conduct.

In its original petition, Atenea asserted the following causes of action: breach of fiduciary duty, fraud, negligent misrepresentation, tortious interference with a contract, breach of contract, civil conspiracy, and failure to provide an accounting. Atenea also sought a declaratory judgment, requesting the trial court to make a determination to what extent certain "purported documents" were legal and the effect of those documents with respect to Atenea. Gonzalez filed a general denial, denying all the allegations.

During pretrial discovery, Gonzalez did not comply with several discovery requests, and consequently, the trial court imposed death penalty sanctions against Gonzalez, striking Gonzalez's pleadings and finding liability against Gonzalez. After a bench trial concerning the issue of damages, the trial court rendered a final judgment, granting liability against Gonzalez with regard to Atenea's claims of fraud, negligent misrepresentation, tortious interference with a contract, breach of contract, civil conspiracy, and failure to provide an accounting. The judgment

further imposed liability against Gonzalez & Duarte, LLC, one of the other listed defendants in Atenea's original petition. It then awarded Atenea monetary damages in the amount of $4,224,426.00, specifying both Gonzalez and Gonzalez & Duarte, LLC were responsible for the amount. Atenea's remaining claims against the other defendants were subsequently non-suited. Gonzalez then perfected this appeal.

## ANALYSIS

In his first two issues on appeal, Gonzalez argues the trial court lacked subject matter jurisdiction over Atenea's suit. Specifically, Gonzalez contends Atenea lacked standing to assert the claims against him and Atenea's claims were not ripe at the time the lawsuit was filed. In his last issue, Gonzalez argues the trial court erred in awarding Atenea duplicative damages in violation of the one-satisfaction rule.

### *Subject Matter Jurisdiction*

Subject matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). The plaintiff bears the burden of alleging facts that affirmatively demonstrate a court's jurisdiction to hear a case. *Id.* When considering jurisdictional issues for the first time on appeal, we will construe the petition in favor of the plaintiff and look to the pleader's intent. *Id.*

A. Standing

Standing is a necessary component of a court's subject matter jurisdiction. *Id.* at 445; *R & R White Family Ltd. Partnership v. Jones*, 182 S.W.3d 454, 458 (Tex. App.—Texarkana 2006, no pet.). A plaintiff must have standing for the court to have subject matter jurisdiction to decide the merits of the claims. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005); *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994); *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. Standing is never presumed and is an issue that may be raised for the first time on appeal; it may

not be waived by the parties. *Tex. Ass'n of Bus.*, 852 S.W.2d at 443–45. Without standing, a court lacks subject matter jurisdiction to hear the case. *Lovato*, 171 S.W.3d at 849; *Tex. Ass'n of Bus.*, 852 S.W.2d at 443–44.

Standing focuses on whether a party has a sufficient relationship with a lawsuit so as to have a justiciable interest in its outcome; thus, standing focuses on the question of who may bring a lawsuit. *Lovato*, 171 S.W.3d at 849; *Patterson v. Planned Parenthood of Houston and Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998). The Texas Supreme Court has noted that "[t]he general test for standing in Texas requires that there '(a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought.'" *Nootsie Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996) (quoting *Tex. Ass'n of Bus.*, 852 S.W.2d at 446). A party has standing to sue when it is personally aggrieved by an alleged wrong. *Id.* at 661. A party does not have standing to sue if it does not have a legal right belonging to it. *Nobles v. Marcus*, 533 S.W.2d 923, 927 (Tex. 1976).

According to Gonzalez, Atenea filed its lawsuit "on behalf of investors who may potentially sue it" when it lacked associational standing to bring such a challenge against him. Specifically, Gonzalez contends Atenea failed to meet two prongs of the three-prong associational standing test established by the United States Supreme Court and adopted by the Texas Supreme Court. *See Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343, (1977) (setting forth three prong test to determine whether association has standing); *Tex. Ass'n of Bus.*, 852 S.W.2d at 447 (adopting associational standing test set forth in *Hunt*). Under the associational standing test, an association has standing to bring a lawsuit on behalf of its members when (1) its members would otherwise have standing to sue in their own right, (2) the interests it seeks to protect are germane to the organization's purpose, and (3) neither the claim asserted nor the relief requested

requires the participation in the lawsuit of each of the individual members. *Hunt*, 432 U.S. at 343 (1977); *Texas Ass'n of Bus.*, 852 S.W.2d at 447.

In response, Atenea argues Gonzalez misstates the nature of the lawsuit because it did not sue Gonzalez on behalf of investors. Instead, Atenea contends it sued Gonzalez on behalf of itself, a party that not only had been wronged and suffered damages, but also was the only proper party to file a lawsuit. We agree with Atenea.

Although Gonzalez is correct that the doctrine of associational standing applies when an organization sues on behalf of its members, the doctrine is not applicable in this case. Here, Atenea was not suing Gonzalez on behalf of investors. Nowhere in its petition does Atenea allege it is suing Gonzalez on behalf of investors. Instead, Atenea alleges (1) it was in a fiduciary relationship with Gonzalez and Gonzalez breached his fiduciary duty by failing to invest funds; (2) Gonzalez interfered with its business by obtaining monies through improper activities; (3) Gonzalez deprived it of monies that were provided to it for investment purposes; and (4) it made a written demand for an accounting of the funds, which Gonzalez failed to provide. Atenea argues that as a result of Gonzalez's actions, it lost investment income. When there is damage to a business entity's worth, the right of recovery is that entity's right alone; individual stockholders and employees have no separate, independent right of action for injuries suffered by the business entity. *See Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 250–51 (Tex. App.—Dallas 2005, no pet.) (pointing out that right of recovery for injuries to partnership that diminishes partnership's value is partnership's right alone); *see also Wingate v. Hajdik*, 795 S.W.2d 717, 719 (Tex. 1990) (stating claim against defendant for misappropriating corporate assets indisputably belongs to corporation); *Fredericksburg Indus., Inc. v. Franklin Int'l, Inc.*, 911 S.W.2d 518, 520 (Tex. App.—San Antonio 1995, writ denied) (holding that cause of action for damages against corporation belonged to corporation). Here, Atenea suffered a direct injury from the alleged harm to the investment fund's

worth, and as a result, the right of recovery is Atenea's alone. *See Wingate*, 795 S.W.2d at 719; *Nauslar*, 170 S.W.3d at 250–51; *Franklin*, 911 S.W.2d at 520. Accordingly, after construing the petition in favor of Atenea, we conclude Atenea was personally aggrieved by an alleged harm. *See Nootsie*, 925 S.W.2d at 661; *Nauslar*, 170 S.W.3d at 250–51. Thus, we hold Atenea has standing to pursue and recover on the asserted causes of action.

B. Ripeness

Like standing, ripeness is an element of subject matter jurisdiction, and thus, it is subject to a de novo review. *Robinson v. Parker*, 353 S.W.3d 753, 755 (Tex. 2011); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928–29 (Tex. 1998). The ripeness doctrine prevents lawsuits involving "uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *Perry v. Del Rio*, 66 S.W.3d 239, 249 (Tex. 2001). To determine whether a case is ripe for review, courts consider "whether, at the time a lawsuit is filed, the facts are sufficiently developed 'so that an injury has occurred or is likely to occur, rather than being contingent or remote.'" *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851–52 (Tex. 2000) (quoting *Patterson*, 971 S.W.2d at 442). A case is not ripe when its resolution depends on hypothetical or contingent facts or upon events that have not yet come to pass. *Patterson*, 971 S.W.2d at 442.

In his second issue, Gonzalez contends Atenea's claims are not ripe for judicial review. Similar to his standing argument, Gonzalez argues Atenea's lawsuit is an attempt to bring a lawsuit on behalf of "potential investor litigants," and because no investors have filed suit against Atenea at this time, Atenea's lawsuit is not ripe. In response, Atenea argues the basis of its lawsuit is against Gonzalez for misappropriating funds and thereby depriving it of investment monies. Atenea argues that because such monies have been embezzled, its lawsuit is ripe for review. Again, we agree with Atenea.

Here, in its petition, as the basis for each of its causes of action, Atenea pleads facts to show that an injury has already occurred. *See Gibson*, 22 S.W.3d at 851–52; *Patterson*, 971 S.W.2d at 442. According to Atenea, it lost investment funds as a result of Gonzalez's and the other defendants' actions. The loss of investment funds is not hypothetical or contingent on facts or upon events that have not yet come to pass. *See Gibson*, 22 S.W.3d at 851–52; *Patterson*, 971 S.W.2d at 442. Rather, it has already occurred. Thus, after construing the petition in favor of Atenea, we hold Atenea asserted claims ripe for determination. *See Gibson*, 22 S.W.3d at 851–52; *Patterson*, 971 S.W.2d at 442.

*One-Satisfaction Rule*

In his last issue, Gonzalez contends the trial court violated the one-satisfaction rule by awarding "both tort damages and contract damages for a single alleged injury." Specifically, Gonzalez contends Atenea did not elect a remedy between its overlapping claims, and as a result, Atenea received a double recovery because it was awarded mental and exemplary damages on its tort claims and attorney's fees on its contract claim.

The one-satisfaction rule prohibits a plaintiff from recovering more than once for a single injury. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 303 (Tex. 2006); *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 390 (Tex. 2000). This rule applies when multiple defendants commit the same act as well as when multiple defendants commit technically different acts that result in a single injury. *Casteel*, 22 S.W.3d at 390. If a plaintiff pleads alternate theories of liability, a judgment awarding damages on each alternate theory may only be upheld if the theories depend on separate and distinct injuries and if separate and distinct damages findings are made as to each theory. *See Birchfield v. Texarkana Mem'l Hosp.*, 747 S.W.2d 361, 367 (Tex. 1987). However, if a party seeks recovery under two or more alternate theories of recovery for a single injury, then that party must elect under which remedy he wishes the court to enter a judgment

before the judgment is rendered. *Star Houston, Inc. v. Shevack*, 886 S.W.2d 414, 422 (Tex. App.—Houston [1st Dist.] 1994), *writ denied per curiam*, 907 S.W.2d 452 (Tex. 1995). If the prevailing party fails to make that election, then the trial court should use the findings affording the greater recovery and render judgment accordingly. *Birchfield*, 747 S.W.2d at 367. If the trial court fails to do so, the appellate court must reform the trial court's judgment to effect such an election. *Star Houston*, 886 S.W.2d at 423.

Here, Atenea pleaded several causes of action against Gonzalez and the other defendants; however, its lawsuit was predicated on one injury: loss of investment income. Nevertheless, in its pleading, Atenea did not distinguish between the damages it suffered as a result of each of its claims. Rather, it presented its damages generally, stating Gonzalez and the other defendants controlled $5,000,168.00. After a bench trial on the issue of damages, the trial court rendered a final judgment imposing a recovery of damages against Gonzalez and Gonzalez & Duarte, LLC jointly and severally. The judgment does not specify whether the damages awarded are based on one or multiple theories of recovery as Gonzalez suggests, and the appellate record does not include a copy of the reporter's record. Without a copy of a reporter's record, we must presume the evidence supports the trial court's judgment—that the trial court's award of damages is a single recovery predicated on one theory of liability. *See Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998); *Rittenhouse v. Sabine Valley Foundation, Inc.*, 161 S.W.3d 157, 165 (Tex. App.—Texarkana, no pet.). Accordingly, because Gonzalez failed to properly secure a reporter's record, we presume that the evidence supported the damages awarded and the trial court rendered judgment accordingly. *See Bryant*, 972 S.W.2d at 31; *Rittenhouse*, 161 S.W.3d at 165. Therefore, we overrule Gonzalez's last issue.

## CONCLUSION

Based on the foregoing, the trial court's judgment is affirmed.

Karen Angelini, Justice