**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00169-CV**
_____

**RADERA, LLC, Appellant**

**V.**

**STEELCO, INC., Appellee**

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-01-00799-CV**

**MEMORANDUM OPINION**

This is an appeal from a final judgment following a jury trial in a case involving alleged breach of contract for failure to pay invoices for materials and services provided at a construction project. In its sole issue, appellant Radera, LLC ("Radera") argues that the trial court erred by granting a joint and several judgment in favor of appellee Steelco, Inc. ("Steelco") against both Radera and its co-defendant and by denying Radera's motion for partial summary judgment. We affirm the trial court's judgment.

1

Steelco sued Radera and another party, Jacky's Design, Inc. ("Jacky's"), claiming that "Steelco performed steel erection labor for the benefit of Kingwood Emergency Hospital . . . under a subcontract agreement executed by Jacky's Design." According to Steelco's petition, Steelco provided labor to Jacky's to be incorporated into the project, which was owned by Radera. Steelco pleaded that Jacky's "was an original contractor to Radera." Steelco further pleaded that it filed mechanic's and materialman's liens against the property. Steelco asserted claims for breach of contract and quantum meruit and pleaded that it sought to foreclose on its affidavit claiming a mechanic's and materialman's lien against the property.

Radera did not request or provide a reporter's record of the trial. The case was called for a jury trial on November 30, 2015. The questions asked of the jury included (1) whether Jacky's failed to comply with the agreement, (2) whether Steelco failed to comply with the agreement, (3) whether, if both parties failed to comply, which party failed to comply first, (4) what sum of money would fairly compensate Steelco for its damages that resulted from Jacky's failure to comply, (5) what is a reasonable fee for the services of Steelco's attorneys, and (6) whether Jacky's acted in good faith in disputing its obligations under the agreement.

The jury found that Jacky's failed to comply with the agreement, Steelco did not fail to comply with the agreement, and $95,902.46 would reasonably compensate

2

Steelco for Jacky's failure to comply with the agreement. The jury awarded attorney's fees to Steelco's counsel for trial, representation in the Court of Appeals, and representation in the Supreme Court of Texas, and found that Jacky's did not act in good faith in disputing its obligations under the agreement. The trial court signed a final judgment, in which it found that Jacky's and Radera were jointly and severally liable to Steelco for actual damages of $82,660.01, pre-judgment interest, court costs, and post-judgment interest. In addition, the trial court ordered that Jacky's and Radera are jointly and severally liable to Steelco for Steelco's trial and appellate attorney's fees. Furthermore, the trial court ordered that "an order of sale shall issue to any sheriff or any constable in the State of Texas, directing him to seize and sell the collateral, . . . as under execution, in satisfaction of this judgment and to foreclose [the] Mechanic's and Materialman's Lien . . . and that the proceeds from such sale be allocated to Steelco, Inc[.]" As discussed above, the trial court did not submit any questions regarding the mechanic's and materialman's lien or its validity to the jury, but the trial court nevertheless found that the lien was valid and ordered that the lien be foreclosed upon.

In its sole appellate issue, Radera argues that the trial court erred by granting a joint and several judgment in favor of Steelco against both Radera and Jacky's and by denying Radera's motion for partial summary judgment. This Court's review of

3

the clerk's record does not reveal a written motion for partial summary judgment filed by Radera. From the limited appellate record filed by Radera, this Court cannot determine whether Radera filed a motion for partial summary judgment or what it contained, let alone whether the trial court erred by denying said motion, nor can this Court determine whether the issue of the validity of the lien was tried by consent. In addition, this Court cannot evaluate the evidence supporting the imposition of joint and several liability in the absence of a reporter's record. "When a reporter's record is necessary for appellate review and the appellant fails to file the reporter's record, a presumption arises that the reporter's record would support the trial court's judgment." *Rittenhouse v. Sabine Valley Ctr. Found.*, 161 S.W.3d 157, 165 (Tex. App.—Texarkana 2005, no pet.) (footnote omitted). Without the reporter's record, we cannot determine that the trial court erred. Accordingly, we overrule Radera's sole issue and affirm the trial court's judgment.

AFFIRMED.

$$\underline{\hspace{5cm}}$$
STEVE McKEITHEN
Chief Justice

Submitted on May 16, 2017
Opinion Delivered August 3, 2017

Before McKeithen, C.J., Kreger and Horton, JJ.