

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00499-CV

In the Interest of **E.J.G.** and E.I.G.

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CI05544
Honorable Nick Catoe Jr., Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:         Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: June 12, 2019

AFFIRMED

Eduardo Jose Gonzalez appeals from a judgment denying a request for a downward modification of his monthly child support obligation. In a pro se brief, Gonzalez complains about the trial court's evidentiary rulings and contends the evidence is factually insufficient to support the trial court's judgment. We affirm.

## BACKGROUND

Gonzalez and Maria Isabel Reyes were married and had two children, E.J.G. and E.I.G. After ten years of marriage, Gonzalez and Reyes divorced. The divorce decree ordered Gonzalez to pay Reyes monthly child support in the amount of $643.18. Almost three years later, the Texas Attorney General filed a suit to modify the child support amount. The trial court held a bench trial on the suit to modify. After hearing evidence, the trial court found that Gonzalez was intentionally

underemployed and denied the request for a downward modification of Gonzalez's monthly child support payments. Gonzalez appealed.

After the time for filing the reporter's record had passed, we advised Gonzalez that the reporter's record had not been filed. We ordered Gonzalez to provide written proof that either (1) the reporter's fee had been paid or arrangements had been made to pay the reporter's fee, or (2) he was entitled to the reporter's record without prepayment of the reporter's fee. We further advised Gonzalez that if he failed to timely file this written proof, we would only consider issues raised in his brief that did not require a reporter's record for a decision.

In response, Gonzalez notified us that the trial had been audio recorded and he intended to ask a court reporter to transcribe the audio recording of the trial. We granted Gonzalez an extension of time and ordered him to file written proof showing that he had arranged for a court reporter to transcribe the audio recording of the trial. We also warned Gonzalez that if he failed to file written proof showing that he had arranged for a court reporter to transcribe the audio recording of the trial, his brief would be due.

Gonzalez did not file written proof showing that he had arranged for a court reporter to transcribe the audio recording of the trial. As a result, the reporter's record was not filed. Gonzalez filed his brief without the reporter's record.

## DISCUSSION

We review the trial court's judgment in a suit to modify child support for an abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *In re N.M.D.*, No. 04-13-00849-CV, 2014 WL 3339627, at *1 (Tex. App.—San Antonio July 9, 2014, no pet.). An appellant claiming the trial court abused its discretion has the burden to provide a record demonstrating an abuse of discretion. *In re N.M.D.*, 2014 WL 3339627, at *2 (citing *Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex. 1987)). "The burden is on the appellant to bring forward a

record showing error requiring reversal." *Cruz v. Cruz*, No. 04-17-00594-CV, 2018 WL 6793847, at *4 (Tex. App.—San Antonio Dec. 27, 2018, no pet.). "When a reporter's record is necessary for appellate review and the appellant fails to file the reporter's record, a presumption arises that the reporter's record would support the trial court's judgment." *Rittenhouse v. Sabine Valley Ctr. Found., Inc.*, 161 S.W.3d 157, 165 (Tex. App.—Texarkana 2005, no pet.).

Here, Gonzalez decided to pursue this appeal without a reporter's record; however, the reporter's record is necessary to evaluate the issues raised in Gonzalez's brief. In his brief, Gonzalez argues the trial court "mistakenly excluded and failed to consider critical evidence submitted during trial." Gonzalez also argues the evidence is factually insufficient to support the trial court's judgment. Without the reporter's record, Gonzalez cannot demonstrate that the trial court committed any error. *See Cruz*, 2018 WL 6793847, at *4; *In re N.M.D.*, 2014 WL 3339627, at *2. Additionally, we cannot evaluate the trial court's evidentiary rulings or the sufficiency of the evidence to support the trial court's judgment. *See Cruz*, 2018 WL 6793847, at *4; *In re N.M.D.*, 2014 WL 3339627, at *2. Because Gonzalez decided to pursue this appeal without the reporter's record, we must presume the reporter's record would support the trial court's judgment. *See In re N.M.D.*, 2014 WL 3339627, at *2 (presuming the evidence adduced during a modification hearing supported the trial court's findings when the appellant failed to bring forward the reporter's record); *Rittenhouse*, 161 S.W.3d at 165 (presuming the trial court correctly found that the failure to file an expert report was not due to an accident or mistake in the absence of a reporter's record). We hold the trial court did not abuse its discretion in denying the request to modify Gonzalez's child support obligation. We overrule Gonzalez's issues on appeal.

The trial court's judgment is affirmed.

Irene Rios, Justice