In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00189-CR


______________________________




KEITH JOSEPH BROSSETTE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 16,697-2001




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Justice Carter



O P I N I O N



 Keith Joseph Brossette appeals from a criminal conviction of indecency with a child by
sexual contact. Brossette entered a plea of not guilty to the charges against him, and the case was
tried to a jury. On September 12, 2001, the jury found Brossette guilty of the offense. The trial court
imposed a ninety-nine-year sentence. Brossette now appeals, asserting three points of error. First,
Brossette contends the statement he gave to police was inadmissible because it was given in violation
of his constitutional request for an attorney during interrogation. Next, Brossette asserts the trial
court erred when it sustained an objection concerning a prior bad act and instructed the jury to
disregard, rather than grant, a mistrial. Finally, Brossette argues there was fundamental error when
the court reporter failed to record the judge's reading of the jury charge. 

 C. O. is a five-year-old girl who lives with her mother and Nicholas Ford. Brossette is Ford's
uncle. Brossette allegedly had a travel trailer at Lake Hawkins in Wood County, where C. O. would
sometimes spend the night with him. The State alleges, and Brossette denies, that he had sexual
contact with C. O.

 In March 2001, C. O. was attending "Head Start" in Mineola, Texas. Deena Schoaf, C. O.'s
teacher, was having lunch with C. O., and C. O. told Schoaf her "pee pee" hurt. After an inquiry by
Schoaf, C. O. stated, "nobody is messing with me, not even Uncle Keith." A report was made to
Child Protective Services (CPS), and an investigation ensued. C. O. gave a statement to Shanta
Grundy Lockett, a CPS investigator, implicating Brossette of sexual contact on April 11, 2001. C. O.
also testified at trial that Brossette "touched her." 

 Brossette went to the Texas Department of Public Safety office in Tyler to take a polygraph
test. He requested an attorney before the test was administered. No attorney was provided after the
request. Then Lieutenant Joyce Box entered the room and spoke with Brossette. Box testified that
Brossette did not request an attorney in her presence, although she knew that Brossette had
previously requested an attorney. Brossette gave a statement to Lieutenant Box during that interview
on May 4, 2001. Brossette was arrested on May 27, 2001. 

 Brossette filed a motion to suppress the written statement he gave to police on May 4. This
motion was denied by the trial court. This statement was admitted into evidence at trial. 

A. Constitutionality of Admission of Brossette's Statement

 Brossette first contends that his written statement should have been excluded from evidence
because it was taken in violation of the Fifth Amendment. Brossette presented a motion to suppress
the statement; the trial court denied this motion on August 8, 2001. A trial court's ruling on a motion
to suppress is generally reviewed for an abuse of discretion. Oles v. State, 993 S.W.2d 103, 106
(Tex. Crim. App. 1999). However, when there is solely a question of law based on undisputed facts,
we apply de novo review. Id.; Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). A
motion to suppress alone appropriately preserves error concerning the admission of an accused's
statement. Moody v. State, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992). 

 During trial, when Lieutenant Box began to testify, Brossette objected to her testimony
concerning his statement and the admission of the statement on constitutional grounds. The jury was
excused, and the direct examination and cross-examination of Lieutenant Box was conducted outside
the presence of the jury. After Box's testimony, the court found that Brossette was not in custody
and that his statement was voluntary. Lieutenant Box was then allowed to testify concerning the
statement. Brossette's counsel preserved error with the motion to suppress; however, as the
statement was actually being offered during trial by the State, Brossette's counsel stated, "[w]e don't
have any objection." Even after vigorously objecting to specific evidence, when the evidence is
actually offered into evidence and counsel states, "no objection," this waives the challenge of the
admissibility of the challenged evidence. Id. There is no requirement for counsel to renew the
objection once the jury has been reseated; however, if counsel does state, "no objection" when the
evidence is actually offered, this waives the objection. Id. 

 However, even if Brossette's counsel had not waived his objection to the admission of
Brossette's statement, the statement was properly admitted into evidence. Brossette correctly asserts
that the Fifth Amendment right to counsel "requires, at a minimum, some statement that can be
reasonably construed to be an expression of a desire for the assistance of an attorney in dealing with
custodial interrogation by the police." Guidry v. State, 9 S.W.3d 133, 143 (Tex. Crim. App. 1999)
(citing McNeil v. Wisconsin, 501 U.S. 171, 178 (1991)). Custodial interrogation is "questioning
initiated by law enforcement officers after a person has been taken into custody or otherwise
deprived of his freedom of action in any significant way." Crivello v. State, 4 S.W.3d 792, 803-04
(Tex. App.-Texarkana 1999, no pet.) (citing Berkemer v. McCarty, 468 U.S. 420, 428 (1984)). In
determining whether an individual was in custody, the court must examine all the circumstances
surrounding the interrogation, but "the ultimate inquiry is simply whether there [was] a 'formal arrest
or restraint of movement' of the degree associated with formal arrest." Rodriguez v. State, 939
S.W.2d 211, 216 (Tex. App.-Austin 1997, no pet.) (citing California v. Beheler, 463 U.S. 1121,
1125 (1983)). The initial determination of custody depends on the objective circumstances of the
interrogation, not on the subjective views harbored by either the interrogating officers or the person
being questioned. Stansbury v. California, 511 U.S. 318, 323 (1994). In light of the reasonable
person test, an officer's knowledge and belief may bear on the Miranda (1) custody issue if they are
conveyed to the individual being questioned; however, even a clear statement by an officer that the
person under interrogation is the prime suspect is not in itself dispositive of the custody issue,
because some suspects are free to come and go until the police decide to make an arrest. Stansbury,
511 U.S. at 325.

 Lieutenant Box testified to the following: that Brossette drove his own vehicle to the police
station to take a polygraph test that Brossette requested to take; that she advised Brossette of all his
rights, including his right to an attorney, and that he waived those rights and gave a statement; that
Brossette was not handcuffed or restrained in any way; and that Brossette was not in custody when
the statement was given. 

 Before the polygraph test was administered, Brossette requested an attorney. Lieutenant Box
testified that Brossette requested to speak with her; that no attorney was provided to Brossette after
his request; that Lieutenant Box entered the room with Brossette after he had requested an attorney
and that she conducted the interview where the statement was given; that she knew Brossette had
previously requested an attorney and no attorney had been provided; that the request for an attorney
was related to the polygraph test only; that he never made the request for an attorney to her; and that
Brossette left after giving the statement and was later indicted and arrested. 

 We find a reasonable person would not have viewed Brossette's situation as being unable to
leave or being restrained in any way. Thus, Brossette was not in custody at the time his statement
was given. 

 When an individual is in custody and requests an attorney, the individual cannot be further
interrogated by the police until counsel has been provided for him or unless the suspect reinitiates
the interrogation. Edwards v. Arizona, 451 U.S. 477, 484-85 (1981). While the evidence is
undisputed that Brossette did request an attorney and that Lieutenant Box further interrogated
Brossette after this request and before an attorney was provided, it is clear that Brossette was not in
custody. Rather, Brossette was at the police station on his own volition, and he was free to leave in
his own vehicle at any point. Therefore, the Edwards standard requiring termination of all police
interrogation once an attorney is requested is not applicable in this case. This point of error is
overruled. 

B. Denial of Mistrial Concerning Testimony of Prior Bad Acts 

 Brossette next contends the trial court erred when it denied his request for a mistrial after a
CPS investigator testified she was involved in a prior investigation where Brossette was the alleged
perpetrator. We review a trial court's denial of a mistrial under an abuse of discretion standard. 
Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). 

 Lockett, the CPS investigator, stated, "I have not had contact with [Brossette] but we had
prior contact with him being the alleged perpetrator with [C. O.]." The interactions following that
testimony were as follows:

 [Defense Counsel]: We object to that.


 THE COURT: Let me ask counsel to approach.


 . . . .


 [Defense Counsel]: That's inflammatory, you instructed her not to do
that.


 THE COURT: That was something if [sic] you were asked to
approach.


 [State]: Well, we did. In other words, it's going to be admissible, you
know, when the child testified.


 THE COURT: It isn't yet.


 [State]: Yeah, but it will be.


 THE COURT: I guess what I need to do at this point is sustain the
objection and instruct the jury to disregard. If you want to get back here, you
are going to need to approach.


 . . . .


 THE COURT: [to the jury] I sustain the objection. And, ladies and
gentlemen, I instruct you to disregard the last comment made.


 [Defense Counsel]: Your Honor, Defendant moves for a mistrial on
the basis of that.


 THE COURT: That will be denied.


 Mistrial is an extreme remedy, and reviewing courts rarely reverse a trial court for refusing
to grant a mistrial after an improper question. Bauder v. State, 921 S.W.2d 696, 698 (Tex. Crim.
App. 1996); Hardin v. State, 20 S.W.3d 84, 92-93 (Tex. App.-Texarkana 2000, pet. ref'd). Most
often, error from an improper question can be cured or rendered harmless by its withdrawal or an
instruction to disregard. Hernandez v. State, 805 S.W.2d 409, 413-14 (Tex. Crim. App. 1990);
Hardin, 20 S.W.3d at 93. The exception occurs in extreme cases where the question is clearly
calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility
of withdrawing the impression produced. Hernandez, 805 S.W.2d at 414. "Only when it is apparent
that an objectionable event at trial is so emotionally inflammatory that curative instructions are not
likely to prevent the jury being unfairly prejudiced against the defendant may a motion for mistrial
be granted." Bauder, 921 S.W.2d at 698.

 One of the factors that is considered when determining whether a motion to disregard
testimony is curative is whether the question was asked to elicit a specific extraneous bad act. Ladd,
3 S.W.3d at 567. After laying the foundation that Lockett was responsible for investigating all abuse
and neglect allegations concerning children for Wood County, the State asked Lockett, "[h]ave you
had any prior occasion to have contact with [Brossette]?"

 The asking of an improper question will seldom call for a mistrial because, in most cases, any
harm can be cured by an instruction to disregard. Id. In Ladd, the State asked a prosecution witness,
"Mr. [Troy] Guthrie, were you aware of whether or not Mr. Ladd and Mr. [Johnny] Roberson were
together smoking crack cocaine . . . on the night . . . and the morning that [the victim] was missing
and was found?" Id. at 566. Before the witness could answer, the defendant objected, asked for an
instruction to disregard, and moved for a mistrial. Id. The trial court sustained the objection on the
ground that the State's question violated a motion in limine. Id. The trial court then instructed the
jury to disregard the question, but the court denied a motion for mistrial. Id. at 566-57. The Texas
Court of Criminal Appeals found no abuse of discretion. 

 The facts in the present case are similar to those in Ladd. The State asked a question of the
witness, intending to elicit an answer that concerned a subject covered in a motion in limine. The
trial court recognized that the State should have approached the bench before attempting to ask that
type of question. The trial court sustained Brossette's objection and instructed the jury to disregard,
but denied the mistrial. We find that the trial court did not abuse its discretion. This point of error
is overruled. 

C. Absence of the Charge to the Jury in the Record

 Brossette argues that the court reporter's failure to transcribe a complete record created a
fundamental error. Specifically, the court reporter did not transcribe while the trial court read the
charge to the jury. A copy of the charge that was given to the jury is a part of the clerk's record,
which is before this Court. Before the charge was read, Brossette objected to the charge being
submitted in "general form." The trial court stated the following, on the record, regarding the jury
charge:

 Ladies and gentlemen, at this time, I am going to read you the charge. I'm
going to try to talk right into the microphone. I have the sound turned down because
this microphone seems to be the one that causes the post [sic] static. If at any time
you can't hear me, please don't hesitate to signal and I will just try another way. This
seems to be the primary source of difficulty. I'm going to read the charge to you. 
You need to listen to it because it will form the instructions that you are to follow in
reaching your verdict. But don't panic because the copy of this charge will go with
you to the jury room so you don't have to memorize it as you hear it. 


Then in parentheses the reporter typed "(Charge read.)." The record indicates the reporter's record
was prepared by "machine shorthand." No objection was made at the trial to the reporter's failure
to record the reading of the charge.

 Brossette has never asserted that the charge read to the jury was different than the charge that
was physically given to the jury.

 Texas Rule of Appellate Procedure 13.1(a) states that "[t]he official court reporter or court
recorder must: (a) attend court sessions and make a full report of the proceedings unless excused
by agreement of the parties." Tex. R. App. P. 13.1(a). The court reporter's failure to transcribe the
reading of the charge to the jury violates Rule 13.1(a) and constitutes error. 

 Brossette asserts that the violation of Rule 13.1(a) created fundamental error because it harms
the record and eliminates ways to determine error for appeal. There is disagreement between two
of the courts of appeals as to the interpretation and effect of Rule 13.1(a) of the Texas Rules of
Appellate Procedure. The Corpus Christi Court of Appeals has held the court reporter has a duty to
record all proceedings unless a party expressly waives his or her right to have a court reporter record
the proceedings. Mitten v. State, 79 S.W.3d 751 (Tex. App.-Corpus Christi 2002, pet. filed);
Tanguma v. State, 47 S.W.3d 663 (Tex. App.-Corpus Christi 2001, pet. ref'd). 

 In contrast, the Houston First Court of Appeals found that Rule 13.1(a) was an enlargement
of the defendant's substantive right in violation of the mandate that rules not modify substantive
rights of litigants and declared Rule 13.1(a) void. It further held that Texas Government Code
Section 52.046(a) governs the recording of court reporters. Polasek v. State, 16 S.W.3d 82 (Tex.
App.-Houston [1st Dist.] 2000, pet. ref'd). The First Court of Appeals in Polasek found that
Rule 13.1(a) was in conflict with Texas Government Code Section 52.046(a). See id. at 88-89; Tex.
Gov't Code Ann. § 52.046 (Vernon 1998). Section 52.046 of the Texas Government Code reads
as follows:

 (a) On request, an official court reporter shall: 


 (1) attend all sessions of the court; 


 (2) take full shorthand notes of oral testimony offered before the
court, including objections made to the admissibility of evidence, court
rulings and remarks on the objections, and exceptions to the rulings; 


 (3) take full shorthand notes of closing arguments if requested to do
so by the attorney of a party to the case, including objections to the
arguments, court rulings and remarks on the objections, and exceptions to the
rulings; . . . . 


Tex. Gov't Code Ann. § 52.046 (emphasis added). Rule 13.1(a) replaced Texas Rule of Appellate
Procedure 11(a)(1) and (2), which required the court reporter to record proceedings only when
requested by the trial court or the attorney for any party. See Tex. R. App. P. 13.1(a); Tex. R. App.
P. 11(a) (Vernon 1996).

 In Williams v. State, 937 S.W.2d 479 (Tex. Crim. App. 1996), the defendant timely requested
that all proceedings be recorded as was then required by Tex. R. App. P. 11. The court reporter failed
to record a videotaped statement played to the jury. The Texas Court of Criminal Appeals found that
the failure to object before the trial court waived error. 

 The case at bar is in the same posture as the Williams case--there the defendant requested that
all proceedings be recorded, placing the duty on the court reporter to do so under the rule then in
effect. Here, by rule, the court reporter had such a duty without request. In both cases, no objection
was made to the failure to record. We find, as in Williams, that failure to object waives error.

 Rule 33 of the Texas Rules of Appellate Procedure reads: "(a) In General. As a prerequisite
to presenting a complaint for appellate review, the record must show that: (1) the complaint was
made to the trial court by a timely request, objection, or motion . . . ." Tex. R. App. P. 33.1(a). This
Court has previously held in analogous circumstances that it is the burden of the parties to object to
the trial court's failure to comply with a statutory requirement. Buchanan v. State, 68 S.W.3d 136,
139 (Tex. App.-Texarkana 2001, no pet.). In Buchanan, this Court recognized that Article
42.12(9)(a) of the Texas Code of Criminal Procedure required that a trial court order the preparation
of a presentence investigation report in a felony case. Tex. Code Crim. Proc. Ann. art. 42.12(9)(a)
(Vernon Supp. 2003). However, this Court found that the error in failing to prepare the report is
waived if the defendant does not object or bring it to the trial court's attention. Buchanan, 68 S.W.3d
at 140. Like the situation in Buchanan, while it is error when a court reporter does not transcribe all
trial proceedings into the record, this error is waived if not objected to. It is well settled that the
purpose of requiring a timely, specific objection is to allow the trial court to have the opportunity to
make a determination and ruling on the complained-of point and then to proceed with the trial under
the proper procedural and substantive manner as appropriately corrected by the trial court. Janecka
v. State, 823 S.W.2d 232, 244 (Tex. Crim. App. 1990) (op. on reh'g).

 Even if this error were not waived, Brossette still would not be successful on this point of
error. Texas Rule of Appellate Procedure 44.2 provides that there are two kinds of error in criminal
cases:

 (a) Constitutional Error. If the appellate record in a criminal case reveals
constitutional error that is subject to harmless error review, the court of appeals must
reverse a judgment of conviction or punishment unless the court determines beyond
a reasonable doubt that the error did not contribute to the conviction or the
punishment.


 (b) Other Errors. Any other error, defect, irregularity, or variance that does
not affect the substantial rights must be disregarded.


Tex. R. App. P. 44.2. The failure of the court reporter to record the reading of the charge to the jury
does not rise to the level of constitutional error. Tanguma, 47 S.W.3d at 676 (failure to record bench
conference found not a constitutional error). When a nonconstitutional error is found, the appellate
court must disregard any error that does not affect substantial rights. Tex. R. App. P. 44.2. A
substantial right is affected when the error had a substantial and injurious effect or influence in
determining the jury's verdict. King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). A
criminal conviction should not be overturned for nonconstitutional error if the appellate court, after
examining the record as a whole, has fair assurance the error did not influence the jury, or had but
a slight effect. Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); Tanguma, 47 S.W.3d
at 677.

 This failure of the court reporter to record the trial court's reading of the charge to the jury
was error because it violated Rule 13.1 of the Texas Rules of Appellate Procedure. However, this
was not a constitutional violation, and there is no evidence that this influenced the jury's decision. 
None of Brossette's substantial rights have been affected. We must, therefore, disregard this error. 
This point of error is overruled. 

 In conclusion, we affirm the judgment of the trial court. Brossette was not in custody when
his statement was given. Although he requested an attorney, the subsequent interrogation and
statement were not in violation of the Fifth Amendment. The trial court did not abuse its discretion
when it sustained Brossette's objection and instructed the jury to disregard and denied Brossette's
motion for a mistrial. Finally, there was error in the failure of the court reporter to transcribe the trial
court's reading of the jury charge. This error was waived. The error did not affect the substantive
rights of Brossette. 

 We affirm the judgment.



 Jack Carter

 Justice


Date Submitted: January 15, 2003

Date Decided: February 3, 2003


Publish
1. Miranda v. Arizona, 384 U.S. 436 (1966).



ment, as in this case, public policy as expressed in Sections 19 and 20(b)
preclude any action to recover a commission, whether in tort or in contract. See Trammel
Crow Co. v. Harkinson, 944 S.W.2d 631, 636 (Tex. 1997). Therefore, Swor's claims in
quantum meruit, promissory estoppel, tortious interference, and civil conspiracy likewise
fail.
          Because the trial court properly granted the Emersons' motion for summary
judgment, it also properly denied Swor's motion.
          We affirm the trial court's judgment.                                                              



                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      July 13, 2004
Date Decided:         October 6, 2004