

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00069-CR

_____

BRENT ROSS PEEK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd Judicial District Court
Red River County, Texas
Trial Court No. CR01334

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Brent Ross Peek appeals his conviction for intoxication manslaughter, a second degree felony, because the indictment and judgment reflected conviction of a first degree felony. He also argues the court reporter's summary-form transcription was fundamental error. We reform the trial court's judgment to reflect Peek's conviction of a second degree felony and hold that Peek waived his right to complain about the court reporter's summary statements on appeal.

## I.      Factual Background

With a near-lethal blood-alcohol level of 0.29, Peek was driving a Suburban containing his girlfriend and her baby when he lost control of the vehicle. The Suburban sped through a ditch, plowed through a street sign, crashed through a fence, and flipped over five or six times before resting on its roof. Peek's girlfriend and her baby were both ejected. While Peek's girlfriend survived the accident, her baby was found lying face down in the ditch and was pronounced dead at the scene. A LifeNet paramedic testified he believed the Suburban had rolled over the baby.

Peek was charged with "intoxication manslaughter 1st Degree Felony" under Section 49.08 of the Texas Penal Code. A trial by jury resulted in his conviction. Peek pled true to enhancement paragraphs in the indictment listing two final felony conviction cause numbers for driving while intoxicated (DWI). Based on the enhancements, the trial court sentenced Peek to forty-one years' imprisonment. The judgment of conviction erroneously listed intoxication manslaughter as a first degree felony offense.

The transcript of the proceedings revealed that the court reporter used six summary statements during the trial. Instead of including the names of the jurors, the court reporter only stated "Jury seated." Rather than transcribing the oath given to the jury and witnesses, the court reporter summarily transcribed "Jury sworn," "Witnesses sworn," and "Witness sworn."[1] As a shortcut to recording the substance of the indictment read to the jury, the reporter merely typed "Indictment read." "Discussion at bench" was the only notation transcribed for bench conferences. Peek contends this summary transcription was fundamental error.

## II. Standard of Review

Whether intoxication manslaughter is a first or second degree felony is an issue of law. Similarly, the determination of whether the court reporter's summary statements constituted fundamental error requires no credibility determination. Since both issues are based on undisputed facts, we will review de novo these issues of law. *See generally Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997); *Brossette v. State*, 99 S.W.3d 277, 280 (Tex. App.—Texarkana 2003, pet. dism'd, untimely filed).

---

[1] In his brief, Peek claims that the "Reporter's Record does not reflect which witnesses were sworn or even how many witnesses." However, before testimony of each of the nine witnesses, the record includes the witness' name and the fact that they had been "duly sworn."

3

**III.    Analysis**

**A.    We Reform the Final Judgment to Reflect Conviction for a Second Degree Felony**

In his first point of error, Peek contends he was erroneously indicted and convicted of a first degree felony. Intoxication manslaughter is a second degree felony except in circumstances not applicable here. TEX. PENAL CODE ANN. §§ 49.08(b), 49.09(b-2) (Vernon Supp. 2008). If it is shown at trial for a second degree felony that the defendant had previously been convicted of another felony, punishment can fall within the range prescribed for a first degree felony. TEX. PENAL CODE ANN. § 12.42(b) (Vernon Supp. 2008); *Williams v. State*, No. 05-04-01681-CR, 2006 WL 121949, at *3–4 (Tex. App.—Dallas, Jan. 18, 2006, no pet.) (not designated for publication). This procedure was used to enhance Peek's punishment range and allowed for the imposition of a forty-one year jail sentence. However, this procedure does not increase the level of the original offense. Thus, Peek's first point of error is well taken.

The State concedes this point and asks this Court to "reform the judgement of the trial court to modify the degree of offense from a first degree felony to a second degree felony." The Texas Rules of Appellate Procedure give this Court authority to reform judgments and correct typographical errors to make the record speak the truth. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Battle v. State*, No. 06-07-00148-CR, 2008 WL 482343, at *3 (Tex. App.—Texarkana Feb. 25, 2008, no pet.) (mem. op., not designated for publication) (reforming judgment to reflect proper statute under which defendant should have been convicted);

4

*Gray v. State*, 628 S.W.2d 228, 233 (Tex. App.—Corpus Christi 1982, pet. ref'd). We hereby modify the trial court's judgment to reflect conviction of a second degree felony.

**B.      Peek Waived Error in Reporter's Record by Failing to Object at Trial**

In his next point of error, Peek contends fundamental error occurred when the court reporter transcribed summary statements such as "Jury seated," "Jury sworn," "Indictment read," "Witnesses sworn," "Witness sworn," and "Discussion at bench." A court reporter has a duty to record all proceedings unless expressly waived. *Rittenhouse v. Sabine Valley Ctr. Found., Inc.*, 161 S.W.3d 157, 161 (Tex. App.—Texarkana 2005, no pet.). However, the law is clear that error from a court reporter's failure to make a record is waived unless objected to at trial. *Valazquez v. State*, 222 S.W.3d 551, 556–57 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Jones v. State*, 942 S.W.2d 1, 2 (Tex. Crim. App. 1997) (objection required to preserve error stemming from failure to transcribe voir dire proceedings); *Rittenhouse*, 161 S.W.3d at 161 (citing *Valle v. State*, 109 S.W.3d 500, 508–09 (Tex. Crim. App. 2003) (holding objection required to preserve error if bench conference not recorded)); *Brossette*, 99 S.W.3d at 283–85 (referencing *Williams v. State*, 937 S.W.2d 479 (Tex. Crim. App. 1996)); *see* TEX. R. APP. P. 33.1(a) (requires objection at trial court level as a prerequisite to presenting complaint for appellate review). Peek agrees with this well-established law, and, citing *Jones*, 942 S.W.2d 1, also recognizes that the Texas Court of Criminal Appeals "has specifically concluded a similar failure by the Court Reporter to transcribe the proceedings was not fundamental error." Because the error created by the court reporter's summary

transcription is not fundamental and Peek failed to object at trial, he waived the error, and our inquiry into this matter should end here.

Nevertheless, Peek contends that "the Texas Court of Criminal Appeals was incorrect" because the requirement to object is impossible to comply with since trial attorneys cannot "look at the court reporter to see an absence of activity," and diagnose the problem where a reporter is transcribing summary statements. This issue has been addressed before. In *Valazquez*, appellant's argument that he was unaware the court reporter failed to record bench conferences was not recognized as an exception to the rule requiring an objection at trial. 222 S.W.3d at 557 n.4. *Valazquez* further pointed out "[e]ven assuming such an exception should be recognized, appellant failed to cite any evidence to support his factual assertion that he was unaware, and he failed to develop such a record with a motion for new trial." We have binding precedent from the Texas Court of Criminal Appeals and our own decisions on this issue. Any change in the interpretation of the law, in criminal cases, should come from the state's highest court exercising jurisdiction in criminal law cases. We reject Peek's argument that we should make an exception to well-established Texas precedent.

Peek also contends that failure of the court reporter to include large portions of the trial implicates a defendant's constitutional rights. In support of his position on this second point, Peek cites *Tedford v. Hepting*, a federal Third Circuit case that held "a constitutional violation would occur only if the inaccuracies in the transcript adversely affected" the outcome of the criminal

6

proceeding. 990 F.2d 745, 747 (3rd Cir. 1993). This is not a concept novel to the Third Circuit. Rule 44.2 of the Texas Rules of Appellate Procedure specifies any error that does not affect substantial rights must be disregarded. Even if constitutional error is involved, reversal is unnecessary if "the court determines beyond a reasonable doubt that the error did not contribute to the conviction or the punishment." TEX. R. APP. P. 44.2; *Brossette*, 99 S.W.3d at 285. Peek has not pointed this Court to anything that suggests the procedure complained of affected the outcome of Peek's trial, and our review of the record has revealed none. Peek's failure to object to the nonfundamental error waived his right to complain about the court reporter's summary statements on appeal.

## IV.    Conclusion

We hold that Peek waived his right to complain of the court reporter's summary transcription on appeal. Since intoxication manslaughter is a second degree felony, we correct Peek's erroneous

7

first degree felony indictment and conviction of intoxication manslaughter by reforming the judgment to reflect a conviction of a second degree felony offense.  As reformed, we affirm the judgment of the trial court.


_____ Jack Carter
Justice


Date Submitted:      December 1, 2008
Date Decided:        December 4, 2008

Do Not Publish

8