In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00069-CR


______________________________




BRENT ROSS PEEK, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 102nd Judicial District Court


Red River County, Texas


Trial Court No. CR01334




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Brent Ross Peek appeals his conviction for intoxication manslaughter, a second degree
felony, because the indictment and judgment reflected conviction of a first degree felony. He also
argues the court reporter's summary-form transcription was fundamental error. We reform the trial
court's judgment to reflect Peek's conviction of a second degree felony and hold that Peek waived
his right to complain about the court reporter's summary statements on appeal. 

I. Factual Background 

 With a near-lethal blood-alcohol level of 0.29, Peek was driving a Suburban containing his
girlfriend and her baby when he lost control of the vehicle. The Suburban sped through a ditch,
plowed through a street sign, crashed through a fence, and flipped over five or six times before
resting on its roof. Peek's girlfriend and her baby were both ejected. While Peek's girlfriend
survived the accident, her baby was found lying face down in the ditch and was pronounced dead
at the scene. A LifeNet paramedic testified he believed the Suburban had rolled over the baby. 

 Peek was charged with "intoxication manslaughter 1st Degree Felony" under Section 49.08
of the Texas Penal Code. A trial by jury resulted in his conviction. Peek pled true to enhancement
paragraphs in the indictment listing two final felony conviction cause numbers for driving while
intoxicated (DWI). Based on the enhancements, the trial court sentenced Peek to forty-one years'
imprisonment. The judgment of conviction erroneously listed intoxication manslaughter as a first
degree felony offense. 

 The transcript of the proceedings revealed that the court reporter used six summary
statements during the trial. Instead of including the names of the jurors, the court reporter only stated
"Jury seated." Rather than transcribing the oath given to the jury and witnesses, the court reporter
summarily transcribed "Jury sworn," "Witnesses sworn," and "Witness sworn." (1) As a shortcut to
recording the substance of the indictment read to the jury, the reporter merely typed "Indictment
read." "Discussion at bench" was the only notation transcribed for bench conferences. Peek
contends this summary transcription was fundamental error. 

II. Standard of Review

 Whether intoxication manslaughter is a first or second degree felony is an issue of law. 
Similarly, the determination of whether the court reporter's summary statements constituted
fundamental error requires no credibility determination. Since both issues are based on undisputed
facts, we will review de novo these issues of law. See generally Guzman v. State, 955 S.W.2d 85,
87 (Tex. Crim. App. 1997); Brossette v. State, 99 S.W.3d 277, 280 (Tex. App.--Texarkana 2003,
pet. dism'd, untimely filed). 

III. Analysis 

 A. We Reform the Final Judgment to Reflect Conviction for a Second Degree
Felony


 In his first point of error, Peek contends he was erroneously indicted and convicted of a first
degree felony. Intoxication manslaughter is a second degree felony except in circumstances not
applicable here. Tex. Penal Code Ann. §§ 49.08(b), 49.09(b-2) (Vernon Supp. 2008). If it is
shown at trial for a second degree felony that the defendant had previously been convicted of another
felony, punishment can fall within the range prescribed for a first degree felony. Tex. Penal Code
Ann. § 12.42(b) (Vernon Supp. 2008); Williams v. State, No. 05-04-01681-CR, 2006 WL 121949,
at *3-4 (Tex. App.--Dallas, Jan. 18, 2006, no pet.) (not designated for publication). This procedure
was used to enhance Peek's punishment range and allowed for the imposition of a forty-one year jail
sentence. However, this procedure does not increase the level of the original offense. Thus, Peek's
first point of error is well taken. 

 The State concedes this point and asks this Court to "reform the judgement of the trial court
to modify the degree of offense from a first degree felony to a second degree felony." The Texas
Rules of Appellate Procedure give this Court authority to reform judgments and correct 
typographical errors to make the record speak the truth. Tex. R. App. P. 43.2; French v. State, 830
S.W.2d 607, 609 (Tex. Crim. App. 1992); Battle v. State, No. 06-07-00148-CR, 2008 WL 482343,
at *3 (Tex. App.--Texarkana Feb. 25, 2008, no pet.) (mem. op., not designated for publication)
(reforming judgment to reflect proper statute under which defendant should have been convicted);
Gray v. State, 628 S.W.2d 228, 233 (Tex. App.--Corpus Christi 1982, pet. ref'd). We hereby modify
the trial court's judgment to reflect conviction of a second degree felony. 

 B. Peek Waived Error in Reporter's Record by Failing to Object at Trial

 In his next point of error, Peek contends fundamental error occurred when the court reporter
transcribed summary statements such as "Jury seated," "Jury sworn," "Indictment read," "Witnesses
sworn," "Witness sworn," and "Discussion at bench." A court reporter has a duty to record all
proceedings unless expressly waived. Rittenhouse v. Sabine Valley Ctr. Found., Inc., 161 S.W.3d
157, 161 (Tex. App.--Texarkana 2005, no pet.). However, the law is clear that error from a court
reporter's failure to make a record is waived unless objected to at trial. Valazquez v. State, 222
S.W.3d  551,  556-57  (Tex.  App.--Houston  [14th  Dist.]  2007,  no  pet.);  Jones  v.  State,  942
S.W.2d 1, 2 (Tex. Crim. App. 1997) (objection required to preserve error stemming from failure to
transcribe voir dire proceedings); Rittenhouse, 161 S.W.3d at 161 (citing Valle v. State, 109 S.W.3d
500, 508-09 (Tex. Crim. App. 2003) (holding objection required to preserve error if bench
conference not recorded)); Brossette, 99 S.W.3d at 283-85 (referencing Williams v. State, 937
S.W.2d 479 (Tex. Crim. App. 1996)); see Tex. R. App. P. 33.1(a) (requires objection at trial court
level as a prerequisite to presenting complaint for appellate review). Peek agrees with this well-established law, and, citing Jones, 942 S.W.2d 1, also recognizes that the Texas Court of Criminal
Appeals "has specifically concluded a similar failure by the Court Reporter to transcribe the
proceedings was not fundamental error." Because the error created by the court reporter's summary
transcription is not fundamental and Peek failed to object at trial, he waived the error, and our
inquiry into this matter should end here. 

 Nevertheless, Peek contends that "the Texas Court of Criminal Appeals was incorrect"
because the requirement to object is impossible to comply with since trial attorneys cannot "look at
the court reporter to see an absence of activity," and diagnose the problem where a reporter is
transcribing summary statements. This issue has been addressed before. In Valazquez, appellant's
argument that he was unaware the court reporter failed to record bench conferences was not
recognized as an exception to the rule requiring an objection at trial. 222 S.W.3d at 557 n.4. 
Valazquez further pointed out "[e]ven assuming such an exception should be recognized, appellant
failed to cite any evidence to support his factual assertion that he was unaware, and he failed to
develop such a record with a motion for new trial." We have binding precedent from the Texas
Court of Criminal Appeals and our own decisions on this issue. Any change in the interpretation of
the law, in criminal cases, should come from the state's highest court exercising jurisdiction in
criminal law cases. We reject Peek's argument that we should make an exception to well-established
Texas precedent. 

 Peek also contends that failure of the court reporter to include large portions of the trial
implicates a defendant's constitutional rights. In support of his position on this second point, Peek
cites Tedford v. Hepting, a federal Third Circuit case that held "a constitutional violation would
occur only if the inaccuracies in the transcript adversely affected" the outcome of the criminal
proceeding. 990 F.2d 745, 747 (3rd Cir. 1993). This is not a concept novel to the Third Circuit.
Rule 44.2 of the Texas Rules of Appellate Procedure specifies any error that does not affect
substantial rights must be disregarded. Even if constitutional error is involved, reversal is
unnecessary if "the court determines beyond a reasonable doubt that the error did not contribute to
the conviction or the punishment." Tex. R. App. P. 44.2; Brossette, 99 S.W.3d at 285. Peek has not
pointed this Court to anything that suggests the procedure complained of affected the outcome of
Peek's trial, and our review of the record has revealed none. Peek's failure to object to the
nonfundamental error waived his right to complain about the court reporter's summary statements
on appeal. 

IV. Conclusion

 We hold that Peek waived his right to complain of the court reporter's summary transcription
on appeal. Since intoxication manslaughter is a second degree felony, we correct Peek's erroneous
first degree felony indictment and conviction of intoxication manslaughter by reforming the
judgment to reflect a conviction of a second degree felony offense. As reformed, we affirm the
judgment of the trial court. 


 Jack Carter

 Justice



Date Submitted: December 1, 2008

Date Decided: December 4, 2008


Do Not Publish 

1. In his brief, Peek claims that the "Reporter's Record does not reflect which witnesses were
sworn or even how many witnesses." However, before testimony of each of the nine witnesses, the
record includes the witness' name and the fact that they had been "duly sworn."


idden="false"
 UnhideWhenUsed="false" Name="Colorful List Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00043-CR

                                                ______________________________

 

 

                              CALVIN WAYNE BURNHAM,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 123rd
Judicial District Court

                                                             Panola County, Texas

                                                       Trial Court
No. 2005-C-0006

 

                                                   
                                               

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Calvin Wayne
Burnham appeals from his convictions by the trial court on four charges of
aggravated sexual assault of a child and four charges of indecency with a
child.  Burnham has filed a single brief,
in which he raises issues common to all of his appeals.[1]  He argues that the trial court committed
reversible error in considering evidence from a previous revocation hearing
when granting the States second amended motion to adjudicate guilt and in
admitting the results of a polygraph examination.  Burnham also complains that the evidence was
insufficient to establish that he violated any conditions of his community
supervision. 

            We
addressed these issues in detail in our opinion of this date on Burnhams
appeal in cause number 06-10-00038-CR. 
For the reasons stated therein, we likewise conclude that reversible
error has not been shown in this case.

            We affirm
the trial courts judgment.

                                    

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          December
14, 2010

Date Decided:             December
15, 2010

 

Do Not Publish           

 

 

 

 

 











[1]Burnham
appeals from four convictions for aggravated sexual assault of a child and four
convictions for indecency with a child, cause numbers 06-10-00038-CR through 06-10-00045-CR.